M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
Roksana D. Moradi-Brovia (Bar No. 266572)
**SIMON RESNIK HAYES LLP**
15233 Ventura Blvd., Suite 250
Sherman Oaks, CA 91403
**Telephone:**  (818) 783-6251
**Facsimile:**  (818) 827-4919
jhayes@SRHLawFirm.com
matthew@SRHLawFirm.com
roksana@SRHLawFirm.com

*Proposed Attorneys for Debtor*
Good Clothing, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:18-bk-12496-DS |
| | Chapter 11 |
| GOOD CLOTHING, INC., | **NOTICE OF MOTION AND MOTION FOR AUTHORITY TO USE CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVE KIM IN SUPPORT THEREOF** |
| Debtor. | |
| | *[Hearing to be set by Court, Application for Hearing on Shortened Notice filed concurrently herewith]* |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE; SECURED CREDITOR OPEN BANK AND COUNSEL OF RECORD; AND ALL CREDITORS AND PARTIES IN INTEREST:**

By this Motion, Good Clothing, Inc., the Debtor and Debtor-in-Possession ("Debtor" or "DIP") respectfully requests an order of the above-entitled court authorizing Debtor to use cash collateral on an emergency basis as set forth herein.

This Motion is based upon the Notice of Motion; 11 U.S.C. §363 and 105; Federal Rules of Bankruptcy Procedure 2002 and 6004; the attached Memorandum of Points and

1  Authorities; the Declaration submitted herewith; and such additional evidence and

2  argument as may be presented at or before the hearing on this Motion.

3      The Debtor has filed (or will file) an Application for Order Shortening Time which

4  requests that the Court set a hearing date as early as possible to have this Motion heard.

5  Once the Court has ruled on that application, the Debtor will give notice as is ordered by

6  the Court.

7      WHEREFORE, the Debtor respectfully requests that the Court enter its Order

8  authorizing it to use cash collateral on the terms and conditions described in the Motion

9  and the exhibits thereto, and granting such other and further relief as is just and proper

10  under the circumstances.

11

12  Dated:  March 9, 2018                          **SIMON RESNIK HAYES LLP**

13

14                                  **By:** _____/s/ M. Jonathan Hayes_____

15                                          **M. Jonathan Hayes**
                                           **Matthew D. Resnik**
16                                         **Roksana D. Moradi-Brovia**
                                           *Proposed Attorneys for Debtor*
17                                          Good Clothing, Inc.

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On March 7, 2018 (the "Petition Date"), Good Clothing, Inc., the Debtor and Debtor-in-Possession herein (hereinafter "Debtor" or "DIP"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

The Debtor continues to operate and manage its affairs as a Debtor-in-Possession pursuant to §1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this Chapter 11 case.

This Motion seeks emergency use of cash collateral to pay the expenses set forth in the budget attached hereto as **Exhibit "A."**  The Debtor advised its sole secured creditor, Open Bank, that it would be filing the Chapter 11 petition but has not yet begun to negotiate the terms of a cash collateral stipulation.  It intends to attempt to reach a stipulation prior to the hearing on this Motion.

## II.   STATEMENT OF FACTS

*A.  Overview of the Debtor and the Obligations.*

The Debtor is a California corporation which owns and operates twenty-eight (28) retail stores throughout the greater Los Angeles area that sell primarily women's clothing, shoes, cosmetics, fashion jewelry, hats and other related items.  Its website is https://www.gslovesme.com.

The Debtor is wholly owned by husband and wife, Steve Kim and Hye Sun Kim. They started the business in 2005.  They started with one store and opened a few new stores each year thereafter through last year.  Steve Kim is actively involved in the day to day operations of the business.  The Debtor has a Director of the stores, Christina Kim (no relationship to the owners).

*The Debtor is in the process of closing most of its stores.*  Numerous unlawful detainer petitions have been filed which will all be resolved by the Debtor returning possession of the stores to the landlord.  The Debtor intends to keep three (3) of the stores. It is consolidating the clothing inventory into those three (3) stores.  It is laying off most of

SIMON RESNIK
HAYES LLP

CASH
COLLATERAL
MOTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

its employees as part of the store closings.

Each store has a point of sale register ("POS"), clothing racks, mannequins and fixtures.  A large percentage of sales are paid by credit card.  The Debtor has a general bank account for each store where the daily receipts are deposited.  The funds are then transferred to the Debtor's general bank accounts at Open Bank.

The Debtor owes secured creditor Open Bank approximately $1,417,000.  Open Bank appears to have a blanket lien on all assets of the Debtor.  It also has a personal guarantee of Steve Kim.

On the Petition Date, the Debtor had approximately $21,200 in its bank accounts.  It also had approximately $1,500,000 of clothing inventory in its stores – at cost.  The $3 million is the retail value of the inventory.  The present value of the inventory is estimated to be approximately $1.3 million, to the Debtor, based on an obsolescence factor of about 15%.

 *B.  Events Precipitating the Chapter 11 Bankruptcy Filing.*

Management of the Debtor came to the conclusion that most of the stores had to be shut down in the last few weeks.  The Debtor was having trouble making all the rent payments and started getting behind on the rent.  This caused 3-Day Notices to be served and litigation to commence.  Because of difficult cash flow, most of the vendors are now on a COD basis only.

The cause of the general decline in the profitability of the business came in part from the over-expansion of the business and in part from litigation brought against the Debtor by former employees.  The litigation was a class action seeking overtime and related pay.  The Debtor spent a few hundred thousand dollars on attorney's fees in 2016 and 2017 and finally settled for $1.1 million which was paid in full in 2017.

///
///
///

SIMON RESNIK
HAYES LLP

**4**

**CASH
COLLATERAL
MOTION**

*C. Proposed Use of Cash Collateral.*

The Debtor is informed and believes that the cash it has on hand and the inventory (hereinafter the "Property") constitutes cash collateral within the meaning of §363(a) of the Bankruptcy Code. *Debtor is not aware of any other entity asserting an interest in the Property.*

Debtor proposes that it use the cash collateral owned on the Petition Date to pay the allowed expenses pursuant to the budget attached hereto. The Debtor believes that the expenses described in **Exhibit "A"** (the "Budget") represent those expenses that it must pay for the remainder of March in order to maintain its business operations.

Although the Budget represents the Debtor's best estimate of the necessary expenses associated with the business, the needs of the business may fluctuate. Therefore, the Debtor requests court authority to deviate from the total expenses contained in the budget by no more than 10% and to deviate by category (provided the Debtor does not pay any expenses outside any of the approved categories) without the need for further Court order.

In order to continue the operation of the business, the Debtor must be authorized to use cash collateral to pay the ordinary and necessary operating expenses. If the Debtor's ability to use cash collateral is interrupted, the Debtor will be unable to pay its employees, the rent on the stores it is keeping and will have to shut down soon. The Debtor's business, and the Debtor's prospects for a successful reorganization, will end.

## III.    ADEQUATE PROTECTION

The Debtor believes that Open Bank is adequately protected by the Property, provided it can be sold at its retail value. Notwithstanding that, the Debtor proposes to pay Open Bank $20,000 per week on beginning March 21, 2018 and give Open Bank a postpetition replacement lien on all of its postpetition assets up to the value of the cash collateral actually used postpetition.

The Debtor will continue to be bound by the terms and conditions set forth in the prepetition agreements except as specifically modified herein. This shall not constitute a

SIMON RESNIK
HAYES LLP

CASH
COLLATERAL
MOTION

modification of the liens granted to Open Bank by the Debtor pursuant to the various

agreements between the parties and various perfection documents.

## IV.    DISCUSSION

### A.  The Court Should Authorize The Debtor's Use of the Cash Collateral.

As a general matter, a debtor-in-possession is permitted to use property of the estate

in the ordinary course of business without the need for notice or a hearing. 11 U.S.C.

Section 363(c)(1).  However, a debtor's use of cash collateral is an exception to this

general rule. Section 363(c)(2) provides in pertinent part:

> "The [debtor in possession] may not use, sell, or lease cash
>
> collateral ... unless
>
> -
>
> (A)    each entity that has an interest in
>
> such   cash collateral consents; or
>
> (B) the court, after notice and a hearing, authorizes such use,
>
> sale or lease in accordance with the provisions of this section."

11 U.S.C. Section 363(c)(2).

Courts have consistently held that it is appropriate for a Chapter 11 debtor to use a

secured creditor's cash collateral for a reasonable period of time for the purpose of

maintaining and operating its property. See *MBank Dallas, N.A. v. O'Connor) (In re

O'Connor)*, 808 F.2d 1393, 1397 (10th Cir. 1987).  In addition, where, as here, the debtor

is operating a business, it is extremely important that use of cash collateral be allowed in

order to facilitate the goal of reorganization: "the purpose of Chapter 11 is to rehabilitate

debtors and generally access to cash collateral is necessary to operate a business." *In re

Dynaco Corporation*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993).

As set forth above, if the Debtor's access to the cash collateral is interrupted for

even a brief period of time, the consequences would be disastrous for the unsecured

creditors of the estate.  The Debtor would be unable to operate and preserve the business.

The employees would leave and the business would shut down making its value as a going concern zero.  As such, the Debtor has determined that it would be in the overwhelming best interests of the estate and its creditors to use the cash collateral to continue to operate and maintain its business.

### B.   The Secured Creditor's Interests are Adequately Protected by the Continued Operations of the Business.

Pursuant to Section 363(c)(2), the Court may authorize the debtor to use a secured creditor's cash collateral if the Court determines that the secured creditor is adequately protected. *Pistole v. Mellor (In re Mellor),* 734 F.2d 1396, 1400 (9th Cir. 1984). <u>See also</u> *O'Connor*, *supra*, 808 F.2d at 1398; *McCombs Properties VI, Ltd. v. First Texas Savings Association (In re McCombs Properties VI, Ltd.)*, 88 B.R. 261, 265 (Bankr. C.D. Cal. 1988).

In ordinary circumstances, a secured creditor is to be protected against a decrease in value which directly affects the secured creditor's interest in its collateral. See *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 630, (1988); Section 506(a) of the Bankruptcy Code "limit[s] the secured status of a creditor (i.e., the secured creditor's claim) to the lesser of the [allowed amount of the] claim or the value of the collateral." *McCombs*, <u>supra</u>, 88 B.R. at 266.

As a general rule, a debtor may use cash collateral where such use would enhance or preserve the value of the collateral.  The Debtor intends to use the cash collateral to operate and preserve the business as is set forth in **Exhibit "A."**  The use of cash collateral is essential to continue the ordinary maintenance and operations of the business. Without the use of the cash collateral, the Debtor will be unable to pay the payroll, rent, insurance, taxes and other necessary expenses.  As such, unless the Debtor is permitted to use the cash collateral, the value of the business will rapidly diminish.

**SIMON RESNIK HAYES LLP**

**CASH COLLATERAL MOTION**

C.  *In Determining Adequate Protection, The Court Should Promote Reorganization.*

In determining adequate protection, Courts have stressed the importance of promoting a debtor's reorganization. In *In re O'Connor*, <u>supra</u>, the Tenth Circuit stated:

"In this case, Debtors, in the midst of a Chapter 11 proceeding, have proposed to deal with cash collateral for the purpose of enhancing the prospects of reorganization. This quest is the ultimate goal of Chapter 11. Hence, the Debtor's efforts are not only to be encouraged, but also their efforts during the administration of the proceeding are to be measured in light of that quest. Because the ultimate benefit to be achieved by a successful reorganization inures to all the creditors of the estate, a fair opportunity must be given to the Debtors to achieve that end. Thus, while interests of the secured creditor whose property rights are of concern to the court, the interests of all other creditors also have bearing upon the question of whether use of cash collateral shall be permitted during the early stages of administration."

808 F.2d at 1937.

In order to promote Debtor's reorganization, the Court should grant the relief requested herein.  The Debtor has demonstrated herein that the use of the cash collateral as proposed by the Debtor will preserve the business for the benefit of this estate and the creditors, specifically including Open Bank.  Indeed, a successful reorganization depends upon the use of cash collateral as proposed herein.

If at any time the Debtor violates any provision of the order approving this Motion, Open Bank may give written notice of such the default to Debtor's counsel.  If the Debtor fails to cure the default with fourteen (14) days of said notice, Open Bank shall be entitled

SIMON RESNIK
HAYES LLP

**8**

**CASH
COLLATERAL
MOTION**

to a hearing requesting relief from the automatic stay pursuant to 11 U.S.C. §362 on an expedited basis.

## V.   CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter its Order authorizing it to use cash collateral on the terms and conditions described herein and the exhibits thereto, and granting such other and further relief as is just and proper under the circumstances.

Dated:  March 9, 2018                                  **SIMON RESNIK HAYES LLP**

                                        **By:**      **/s/ M. Jonathan Hayes**
                                              **M. Jonathan Hayes**
                                              **Matthew D. Resnik**
                                              **Roksana D. Moradi-Brovia**
                                              *Proposed Attorneys for Debtor*
                                              Good Clothing, Inc.

# DECLARATION OF STEVE KIM

I, Steve Kim, declare as follows:

1.      I am the Chief Executive Officer and custodian of records of Good Clothing, Inc., the Debtor (the "Debtor") in this Chapter 11 case.  I am authorized to make decisions for the Debtor.  I am over the age of eighteen (18). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.      The Debtor is a California corporation which owns and operates twenty-eight (28) retail stores throughout the greater Los Angeles area that sell primarily women's clothing, shoes, cosmetics, fashion jewelry, hats and other related items.  Its website is https://www.gslovesme.com.

3.      The Debtor is wholly owned by me and my wife, Hye Sun Kim.  We started the business in 2005.  We started with one store and opened a few new stores each year thereafter through last year.  I am is actively involved in the day to day operations of the business.  The Debtor has a Director of the stores, Christina Kim (no relationship to the owners).

4.      *The Debtor is in the process of closing most of its stores.*  Numerous unlawful detainer petitions have been filed which will all be resolved by the Debtor returning possession of the stores to the landlord.  The Debtor intends to keep three (3) of the stores.  It is consolidating the clothing inventory into those three (3) stores.  It is laying off most of its employees as part of the store closings.

5.      Each store has a point of sale register ("POS"), clothing racks, mannequins and fixtures.  A large percentage of sales are paid by credit card.  The Debtor has a general bank account for each store where the daily receipts are deposited.  The funds are then transferred to the Debtor's general bank accounts at Open Bank.

SIMON RESNIK
HAYES LLP

CASH
COLLATERAL
MOTION

6.      The Debtor owes secured creditor Open Bank approximately $1,417,000. Open Bank appears to have a blanket lien on all assets of the Debtor.  I have also given the bank my personal guarantee.

7.      On the Petition Date, the Debtor had approximately $21,200 in its bank accounts.  It also had approximately $1,500,000 of clothing inventory in its stores – at cost.  The $3 million is the retail value of the inventory.  The present value of the inventory is estimated to be approximately $1.3 million, to the Debtor, based on an obsolescence factor of about 15%.

8.      I came to the conclusion that most of the stores had to be shut down in the last few weeks.  The Debtor was having trouble making all the rent payments and started getting behind on the rent.  This caused 3-Day Notices to be served and litigation to commence.  Because of difficult cash flow, most of the vendors are now on a COD basis only.

9.      The cause of the general decline in the profitability of the business came in part from the over-expansion of the business and in part from litigation brought against the Debtor by former employees.  The litigation was a class action seeking overtime and related pay.  The Debtor spent a few hundred thousand dollars on attorney's fees in 2016 and 2017 and finally settled for $1.1 million which was paid in full in 2017.

10.     I propose that the Debtor use the cash collateral owned on the Petition Date to pay the allowed expenses pursuant to the budget attached hereto.  I believe that the expenses described in **Exhibit "A"** (the "Budget") represent those expenses that the Debtor must pay for the remainder of March in order to maintain its business operations.

11.     Although the Budget represents my best estimate of the necessary expenses associated with the business, the needs of the business may fluctuate.  Therefore, the Debtor requests court authority to deviate from the total expenses contained in the budget by no more than 10% and to deviate by category (provided the Debtor does not pay any expenses outside any of the approved categories) without the need for further Court order.

12.    I believe that Open Bank is adequately protected by the Property, provided it can be sold at its retail value.  Notwithstanding that, Debtor proposes to pay Open Bank $20,000 per week on beginning March 21, 2018 and give Open Bank a postpetition replacement lien on all of its postpetition assets up to the value of the cash collateral actually used postpetition.

13.    In order to continue the operation of the business, the Debtor must be authorized to use cash collateral to pay the ordinary and necessary operating expenses.  If the Debtor's access to the cash collateral is interrupted for even a brief period of time, the consequences would be disastrous. The Debtor would be unable to operate and preserve the business, would be unable to pay its employees, the rent on the stores it is keeping, insurance, taxes and other necessary expenses, and will have to shut down soon. The employees would leave and the business would shut down making its value as a going concern zero.  The Debtor's business, and the Debtor's prospects for a successful reorganization, will end. As such, unless the Debtor is permitted to use the cash collateral, the value of the business will rapidly diminish.  Debtor has therefore determined that it would be in the overwhelming best interests of the estate and its creditors to use the cash collateral to continue to operate and maintain its business.

14.    The use of cash collateral is essential to continue the ordinary maintenance and operations of the business. The cash collateral as proposed by the Debtor will preserve the business for the benefit of this estate and the creditors, specifically including Open Bank.  Indeed, a successful reorganization depends upon the use of cash collateral as proposed herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed January 29, 2018, at _____, California.

By: _____
SEE NEXT PAGE
**Steve Kim**
*Declarant*

SIMON RESNIK
HAYES LLP

**CASH
COLLATERAL
MOTION**

12.     I believe that Open Bank is adequately protected by the Property, provided it can be sold at its retail value. Notwithstanding that, Debtor proposes to pay Open Bank $20,000 per week on beginning March 21, 2018 and give Open Bank a postpetition replacement lien on all of its postpetition assets up to the value of the cash collateral actually used postpetition.

13.     In order to continue the operation of the business, the Debtor must be authorized to use cash collateral to pay the ordinary and necessary operating expenses. If the Debtor's access to the cash collateral is interrupted for even a brief period of time, the consequences would be disastrous. The Debtor would be unable to operate and preserve the business, would be unable to pay its employees, the rent on the stores it is keeping, insurance, taxes and other necessary expenses, and will have to shut down soon. The employees would leave and the business would shut down making its value as a going concern zero. The Debtor's business, and the Debtor's prospects for a successful reorganization, will end. As such, unless the Debtor is permitted to use the cash collateral, the value of the business will rapidly diminish. Debtor has therefore determined that it would be in the overwhelming best interests of the estate and its creditors to use the cash collateral to continue to operate and maintain its business.

14.     The use of cash collateral is essential to continue the ordinary maintenance and operations of the business. The cash collateral as proposed by the Debtor will preserve the business for the benefit of this estate and the creditors, specifically including Open Bank. Indeed, a successful reorganization depends upon the use of cash collateral as proposed herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed January 29, 2018, at ___STEVE KIM___, California.

By: _____
                          **Steve Kim**
                          *Declarant*

SIMON RESNIK
HAYES LLP

**CASH
COLLATERAL
MOTION**

# EXHIBIT A

| Week number - beginning 3/12/2018 | 1  3/12 | 2  3/19 | 3  3/26 | 4  4/2 | 5  4/9 | 6  4/16 | 7  4/23 | 8  4/30 | 9  5/7 | 10  5/14 | 11  5/21 | 12  5/28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Sales - Lynwood  G01 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Gross Sales - Walnut Park GO08 | 36,000 | 36,000 | 36,000 | 36,000 | 36,000 | 36,000 | 36,000 | 36,000 | 36,000 | 36,000 | 36,000 | 36,000 |
| Gross Sales - South Gate  GO23 | 34,000 | 34,000 | 34,000 | 34,000 | 34,000 | 34,000 | 34,000 | 34,000 | 34,000 | 34,000 | 34,000 | 34,000 |
| Gross Sales - other stores | 20,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Total Income** | **115,000** | **95,000** | **95,000** | **95,000** | **95,000** | **95,000** | **95,000** | **95,000** | **95,000** | **95,000** | **95,000** | **95,000** |
| Payroll - Insiders | | 0 | | 0 | | 0 | | 0 | | 0 | | 0 |
| Payroll - Lynwood | | 6,000 | | 6,000 | | 6,000 | | 6,000 | | 6,000 | | 6,000 |
| Payroll - Walnut Park | | 6,000 | | 6,000 | | 6,000 | | 6,000 | | 6,000 | | 6,000 |
| Payroll - South Gate | | 6,000 | | 6,000 | | 6,000 | | 6,000 | | 6,000 | | 6,000 |
| Payroll - other stores | 12,000 | 0 | | 0 | | 0 | | 0 | | 0 | | 0 |
| Payroll overhead | | 7,000 | | 7,000 | | 7,000 | | 7,000 | | 7,000 | | 7,000 |
| ***Total Payroll*** | *12,000* | *25,000* | | *25,000* | | *25,000* | | *25,000* | | *25,000* | | *25,000* |
| Payroll taxes - 10% | 1,200 | 2,500 | 0 | 2,500 | 0 | 2,500 | 0 | 2,500 | 0 | 2,500 | 0 | 2,500 |
| Worker's comp - 2% | 240 | 500 | 0 | 500 | 0 | 500 | 0 | 500 | 0 | 500 | 0 | 500 |
| Payroll - other | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 |
| ***Total Other Payroll*** | *14,440* | *29,000* | *1,000* | *29,000* | *1,000* | *29,000* | *1,000* | *29,000* | *1,000* | *29,000* | *1,000* | *29,000* |
| Rent - Lynwood | 18,907 | | | 18,907 | | | | | 18,907 | | | |
| Rent - Walnut Park | 36,682 | | | 36,682 | | | | | 36,682 | | | |
| Rent - South Gate | 31,300 | | | 31,300 | | | | | 31,300 | | | |
| Utilities | | | 4,500 | 0 | | | 4,500 | | 0 | | 4,500 | 0 |
| Alarm and Security | 400 | | | 600 | | | | | 600 | | | 600 |
| ***Total Facility Costs*** | *87,289* | *0* | *4,500* | *87,489* | *0* | *0* | *4,500* | *0* | *87,489* | *0* | *4,500* | *600* |
| Computer and internet | 0 | 0 | 2,000 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| Insurance | 10,000 | 0 | 0 | 3,000 | 0 | 0 | 0 | 0 | 3,000 | 0 | 0 | 0 |
| Office supplies and expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Telephone | 0 | 0 | 1,000 | 0 | 0 | 0 | 0 | 1,000 | 0 | 0 | 0 | 1,000 |
| Merchant and account fees (1%) | 1,150 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 |
| Misc. | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 |
| ***Total Other Expenses*** | *15,150* | *4,950* | *7,950* | *8,450* | *5,450* | *5,450* | *5,450* | *6,450* | *8,450* | *5,450* | *5,450* | *6,450* |
| *Total Operating Expenses* | *116,879* | *33,950* | *13,450* | *124,939* | *6,450* | *34,450* | *10,950* | *35,450* | *96,939* | *34,450* | *10,950* | *36,050* |
| **NET OPERATING INCOME** | **-1,879** | **61,050** | **81,550** | **-29,939** | **88,550** | **60,550** | **84,050** | **59,550** | **-1,939** | **60,550** | **84,050** | **58,950** |
| Cash on hand beginning | 21,000 | 19,121 | 80,171 | 161,721 | 131,782 | 220,332 | 280,882 | 364,932 | 424,482 | 422,543 | 483,093 | 567,143 |
| Cash on hand end of week | 19,121 | 80,171 | 161,721 | 131,782 | 220,332 | 280,882 | 364,932 | 424,482 | 422,543 | 483,093 | 567,143 | 626,093 |
| ***Payment to Open Bank*** | | *20,000* | *20,000* | *20,000* | *20,000* | *20,000* | *20,000* | *20,000* | *20,000* | *20,000* | *20,000* | *20,000* |
| New inventory purchases (cost) | | 20,000 | 20,000 | 20,000 | 20,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.
My business address is: **15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403.**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND
MOTION FOR AUTHORITY TO USE CASH COLLATERAL; MEMORANDUM
OF POINTS AND AUTHORITIES; DECLARATION OF STEVE KIM IN
SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the
form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING
("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s)
("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the
document. On **3/9/2018** I checked the CM/ECF docket for this bankruptcy case or
adversary proceeding and determined that the following person(s) are on the Electronic
Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **M Jonathan Hayes    jhayes@srlawfirm.com,
  roksana@srlawfirm.com;matthew@srlawfirm.com;rosarioz@srlawfirm.co
  m;jfisher@srlawfirm.com;maria@srlawfirm.com;jhayesecf@gmail.com**
- **Kenneth G Lau    kenneth.g.lau@usdoj.gov**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**II. SERVED BY U.S. MAIL:** On **3/9/2018** I served the following person(s) and/or
entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by
placing a true and correct copy thereof in a sealed envelope in the United States Mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a
declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the
document is filed.

### _SECURED CREDITOR SERVED VIA CERTIFIED MAIL:_

_OPEN BANK_

**Entity Address from Schedules:**

**Open Bank**
1000 Wilshire Blvd.
Suite 100
Los Angeles, CA 90017

**Steve Park**
EVP & Chief Credit Officer
_Open Bank_
1000 Wilshire Blvd.
Suite 500
Los Angeles, CA 90017

**Entity Address from POC:**

None.

**Entity Main Address from California Secretary of State Website:**

Open Bank
1000 Wilshire Blvd.
Suite 500
Los Angeles, CA 90017

**Entity's Agent for Service of Process per California Secretary of State Website:**

**Min Kim**
*Agent for Service of Process*
of Open Bank
1000 Wilshire Blvd.
Suite 500
Los Angeles, CA 90017

**Entity Main Address from its Website:**

Open Bank
1000 Wilshire Blvd.
Suite 500
Los Angeles, CA 90017

**Entity Officer Name and Address from its Website:**

Min Kim, CEO
*of Open Bank*
1000 Wilshire Blvd.
Suite 500
Los Angeles, CA 90017

**Entity Main Address from FDIC Website:**

1000 Wilshire Blvd.
Suite 500
Los Angeles, CA 90017

*ALL REMAINING CREDITORS/PARTIES SERVED*
*REGULAR FIRST CLASS MAIL:*

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812

California Department of Tax and Fee
Administration
Account Information Group MIC: 29
P.O. Box 942879
Sacramento, CA 94279

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

U. S. Securities and Exchange
Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Employment Development Dept.
Bankruptcy Group MIC 92E
Po Box 826880
Sacramento, CA 94280

Attorney General
United States Department of Justice
Ben Franklin Station
P. O. Box 683

Washington, DC 20044

Civil Process Clerk
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

4S TRADING, INC
1100 S. SAN PEDRO ST. #L-3
LOS ANGELES, CA 90015

7-Jan
735 E. 12TH ST. #104
LOS ANGELES, CA 90021

A3 DESIGN
1145 TOWNE AVE. STORE #6
LOS ANGELES, CA 90021

AMBIANCE
930 TOWNE AVE.
LOS ANGELES, CA 90021

AMERICAN BAZI
807 E. 12TH ST. #106
LOS ANGELES, CA 90021

AMERICAN DREAM CLOTHING INC
1109 S. BOYLE AVE
LOS ANGELES, CA 90023

Anaheim Capital Partners, LLC
399 Park Ave, 6th Floor
NY, NY 10022

ANGEL CATERING
14528 CARMENITA RD
NORWALK, CA 90650

ANNES APPAREL
1015 S. CROCKER ST. R41
LOS ANGELES, CA 90021

Atlantic-Firestone, LLC
201 S. Figueroa St., #300
Los Angeles, CA 90012

Azalea Joint Venture LLC
201 S. Figueroa St., #300
Los Angeles, CA 90012

BAGEL
921 CROCKER ST. #19
LOS ANGELES, CA 90021

BE COOL
1016 S. TOWNE AVE. #116
LOS ANGELES, CA 90021

BEAR DANCE
807 E. 12TH ST. #153
LOS ANGELES, CA 90021

BEST CODY
1015 S. CROCKER #S11
LOS ANGELES, CA 90021

BETTER BE
1015 S. CROCKER ST. #R-18
LOS ANGELES, CA 90021

BLANC
1013 CROCKER ST. #4
LOS ANGELES, CA 90021

BLUE BELL
1001 CROCKER ST
LOS ANGELES, CA 90021

BLUE LEOPARD INC
807 E. 12TH ST. UNIT #116
LOS ANGELES, CA 90021

BOOM-BOOM JEANS
BLUE PLANET INTERNATIONAL
INC
2945 E. 12TH ST.
LOS ANGELES, CA 90023

BOTTLETTE
747 E. 10TH ST. #114
LOS ANGELES, CA 90021

BRE DDR Corcodile Falcon
3300 Enterprise Parkway
Beachwood, OH 44122

BUBBLE B
1015 S. CROCKER ST. #S-12
LOS ANGELES, CA 90021

CASTING LA
1015 S. CROCKER ST. R-15
LOS ANGELES, CA 90021

CCP Orangefair marketplace
429 Santa Monica Blvd, #600
Santa Monica, CA 90401

CHOCOLATE U.S.A.
1150 S. CROCKER ST.

LOS ANGELES, CA 90021

CIEN
1015 S. CROCKER ST. #Q03
LOS ANGELES, CA 90021

CITY OF ANAHEIM-UTILITY
201 SOUTH ANAHEIM BLVD. PO
BOX 3069
ANAHEIM, CA 92803-3069

CLINGERS INC
1015 S. CROCKER ST.
LOS ANGELES, CA 90021

CO-PACK, INC.
150 W. CAROB ST.
COMPTON, CA 90220

COLOR SWATCH (JEKNIT)
1015 S. CROCKER ST. Q26A
LOS ANGELES, CA 90021

COLOR THREAD
807 E. 12TH ST. #130-131
LOS ANGELES, CA 90021

CORNER 123 & UP
1436 South Main St. #7
Los Angeles, CA 90015

COZY
1100 S. SAN PEDRO ST. #J-05
LOS ANGELES, CA 90015

CPT Riverside Plaza, LLC
2 Seaport Lane, 15th Fl.
Boston, MA 02210

Crea
PPC Long Beach Towne Ctr PO, LLC
7575 Carson Blvd
Long Beach, CA 90808

CUSTOM CHANNELS
2569 PARK LANE, SUITE 104
LAFAYETTE, CO 80026

DANCE & MARVEL
1015 CROCKER ST. #Q2
LOS ANGELES, CA 90015

DAVID L. PRINCE, ESP
1912 E. Vermon Ave., Suite 100
Los Angeles, CA 90058

David M. Cohen, Esq.
David M. Cohen, APLC
5950 Canoga Ave., Suite 605
Woodland Hills, CA 91367

DE NOVO IMPORT, INC
51 HARTZ WAY
SECAUCUS, NJ 07094

DEBUT
1015 S. CROCKER ST. #Q14
LOS ANGELES, CA 90021

DOUBLE ZERO, INC
1100 S SAN PEDRO ST. #D8
LOS ANGELES, CA 90015

Downey Landing Spe, LLC
200 E. Carillo St., #200
Santa Barbara, CA 93101

DREAMERS
732 E. 10TH ST. #106
LOS ANGELES, CA 90021

EAST LION CORP.
18525 RAILROAD ST.
CITY OF INDUSTRY, CA 91748

Eastvale Gateway III, LLC
1156 N. Mountain Ave
Upland, CA 91781

ENJEAN
1001 TOWNE AVE. #105
LOS ANGELES, CA 90021

Ernie Zachary Park, Esq.
Bewley, Lassleben & Miller
13215 Penn St., Suite 510
Whittier, CA 90602-1776

ESSUE
1100 S. SAN PEDRO ST. #B7
LOS ANGELES, CA 90015

FASHION MAGAZINE
1100 S. SAN PEDRO ST. #D-1
LOS ANGELES, CA 90015

FASHION NOVIA
1329 B SOUTH LOS ANGELES
LOS ANGELES, CA 90015

FAVLUX
1132 S CROCKER ST

LOS ANGELES, CA 90021

FRENCH KISS
807 E. 12TH STREET SUITE 235
LOS ANGELES, CA 90021

GANJI
1015 CROCKER STREET SUITE RO8
LOS ANGELES, CA 90021

GLOCUL ENTERPRISE, INC
1015 S. CROCKER ST, Q11
LOS ANGELES, CA 90021

GOOD STUFF APPAREL
1700 WALL STREET, SUITE A
LOS ANGELES, CA 90015

HAMMER COLLECTION
1016 S. TOWNE AVE. #107
LOS ANGELES, CA 90021

HAUTE FOX (TOTO)
1100 S. SAN PEDRO ST. #C-5
LOS ANGELES, CA 90015

HEART&HIPS
HANA FINANCIAL, INC
DEPT LA 24406
PASADENA, CA 91185-4406

HELLO MISS
777 E. 12TH ST #1-4
LOS ANGELES, CA 90021

HERS & MINE
1015 CRCKER ST. #P11
LOS ANGELES, CA 90021

HOT&DELICIOUS
1015 S.CROCKER ST. #Q-9
LOS ANGELES, CA 90021

HOUSE OF WINNERS, INC.
5651 EAST WASHINGTON BLVD.
COMMERCE, CA 90040

HYFVE, INC.
1015 S. CROCKER ST. #Q-28.
LOS ANGELES, CA 90021

IJOAH
1100 S. SAN PEDRO ST. #A7
LOS ANGELES, CA 90015

Isuzu Finance of America

2500 Westchester Ave.
Purchase, NY 10577

ITZME
1100 S. SAN PEDRO ST. #L-01
LOS ANGELES, CA 90015

JC & ASSOCIATES
17310 RED HILL AVE. SUITE 335
IRVINE, CA 92614

Jefferson enterprises, LLC
280 S. Beverly Dr., Ste 315
Beverly Hills, CA 90212

JNK USA
942 TOWNE AVE STE 101
LOS ANGELES, CA 90021

JOLIE
1100 S. SAN PEDRO ST. #D3
LOS ANGELES, CA 90015

JP ORIGINAL
19101 E. WALNUT DR. NORTH
CITY OF INDUSTRY, CA 91748

KIMCINE
1188 S. SAN PEDRO ST. #U
LOS ANGELES, CA 90015

KING STAR SECURITY PATROL
4221 WILSHIRE BLVD., 290-22
LOS ANGELES, CA 90011

KLAXONS
1016 TOWNE AVE. #111
LOS ANGELES, CA 90021

KNC AIR CONTROL, INC.
3525 W. COMMONWEALTH AVE., #S
FULLERTON, CA 92833

LA Alemeda, LLC
201 S. Figueroa St., #300
Los Angeles, CA 90012

LA DWP - G29
P.O. BOX 30808
LOS ANGELES, CA 90030-0808

LAC BLEU
1001 TOWNE AVE. #114
LOS ANGELES, CA 90021

LAON FASHION CORP.

1

450 MURRAY HILL PKWY, UNIT E
EAST RUTHERFORD, NJ 07073

2

3

LEGEND FOOTWEAR, INC
19445 E WALNUT DR NORTH
CITY OF INDUSTRY, CA 91789

4

LILIAN
1100 S. SAN PEDRO ST. #H-1
LOS ANGELES, CA 90015

5

6

LIMNEXUS LLP
1055 W. 7TH STREET 28TH FL
LOS ANGELES, CA 90017

7

8

LOVE REPUBLIC
732 E. 10TH ST. #106
LOS ANGELES, CA 90021

9

10

MACHINE JEANS
1015 S. CROCKER ST. #R-26
LOS ANGELES, CA 90021

11

12

MAIN STRIP APPAREL, INC
1100 S. SAN PEDRO ST., SUITE J 04
LOS ANGELES, CA 90015

13

14

MEPT Midtown Crossing, LLC.
7315 Wisconsin Ave. Ste 350W
Bethesda, MD 20814

15

16

MILEY AND MOLLY
PRETTY GOOD
1100 S. SAN PEDRO ST., #A-6
LOS ANGELES, CA 90015

17

18

MILLIBON
747 E. 10TH ST. #116
LOS ANGELES, CA 90021

19

20

MIND CODE
1015 S. CROCKER ST.#Q-12
LOS ANGELES, CA 90021

21

22

MISS CALIFORNIA
1100 S. SAN PEDRO ST. SUITE K-10
LOS ANGELES, CA 90015

23

24

MLM CHINO PROPERTY LLC
One Metlife Way, Whippany
Whippany, NJ 07981

25

26

MLM CHINO PROPERTY LLC
2425 E. Camelback Rd #750
Phoenix, AZ 85016

27

28

MLM Chino Property LLC
c/o Jean H. Hurricane, Esq.
SSL Law Firm LLP
575 Market Street, #2700
San Francisco, CA 94105

MONACO
777 E. 12TH ST. #1-5
LOS ANGELES, CA 90021

MUST HAVE INC
HAVE FASHION
1016 TOWNE AVE., #122
LOS ANGELES, CA 90021

MUSTARD& SEED
1016 S. TOWNE AVE. #119
LOS ANGELES, CA 90021

MY STYLE BY CELIA INC.
120 E 14TH ST.
LOS ANGELES, CA 90015

NARAE IMPORTS, LLC
160 JOHNSON AVE.
HACKENSACK, NJ 07601

NEW MODE, INC
726 E. 12TH ST. #108
LOS ANGELES, CA 90021

NF Plant Enterprises, L.P.
6222 Wilshire Blvd., Ste 400
Los Angeles, CA 90048

NF Plant Enterprises, L.P.
c/o Wolf, Rifkin, Shapiro, Schulman
& Rabkin, LLP
11400 West Olympic Blvd., 9th Floor
Los Angeles, CA 90064

NMC Placentia, LLC
5850 Canoga Ave., #650
Woodland Hills, CA 91367

NOBLE U
1015 S. CROCKER ST. #R-21
LOS ANGELES, CA 90021

NY BIJOUX, CORP.
1261 Broadway 6Fl, Suite 606
New York, NY 10001

OBOE
1015 S. CROCKER ST. #R34

LOS ANGELES, CA 90021

OLIVE TREE
777 E. 10TH ST. #319
LOS ANGELES, CA 90021

ONE WAY FASHION
1506 S. MAIN ST
LOS ANGELES, CA 90015

PAPER MOON
B-ENVIED
1015 S. CROCKER ST. #R-16
LOS ANGELES, CA 90021

PARAGON DESIGN CORP
477 S. DEAN STREET
ENGLEWOOD, NJ 07631

PCCP IRG Downey LLC
7575 Carson Blvd
Long Beach, CA 90808

PINK BERRY
1154 S. CROCKER ST.
LOS ANGELES, CA 90021

Plamex Investment, LLC
PO Box 845699
Los Angeles, CA 90084

POPULAR BASICS
1261 S BOYLE AVE
LOS ANGELES, CA 90023

Prime/ Frit Bell Gardens, LLC
201 S. Figueroa St., #300
Los Angeles, CA 90012

PRIME/FRIT Bell Gardens, LLC
201 S. Figueroa St., #300
Los Angeles, CA 90012

PRIVY, INC
933 TOWNE AVE. #104
LOS ANGELES, CA 90021

PROFESSIONAL LIABILITY
INSURANCE
5802 Thunderbird
Bldg. 10, Ste. 10
Lago Vista, TX 78645

Redlands Joint Venture, LLC
13191 Crossroads Pkwy North, 6th Fl
City of Industry, CA 91746

Redlands Joint Venture, LLC
c/o David W. Reimann, Esq.
1960 E. Grand Ave., Suite 1165
El Segundo, CA 90245

RIVERSIDE PUBLIC UTILITIES - G26
3900 MAIN ST.
RIVERSIDE, CA 92522-0144

RJ IMPORTS
1350 S BROADWAY
LOS ANGELES, CA 90015

RNK JEWELRY
115W 29TH ST. SUITE 3B
NEW YORK, NY 10001

ROCKNROSE COUTURE
807 E. 12TH ST. #138
LOS ANGELES, CA 90021

ROSIO PJ TRADING CORPORATION
2511 S. ALAMEDA STREET
LOS ANGELES, CA 90058

SANS SOUCI
1100 S. SAN PEDRO ST. #A-1
LOS ANGELES, CA 90015

SARAH LA
777 E. 10TH ST. #124
LOS ANGELES, CA 90021

SCRATCH OFF WORKS
19537 LAKE ROAD
ROCKY RIVER, OH 44116

SHELLY
1100 S. SAN PEDRO ST. #M-1
LOS ANGELES, CA 90015

SHOE MAGNATE, INC
18560 E. SAN JOSE AVE
CITY OF INDUSTRY, CA 91748

SKY PLUS
1180 S. CROCKER ST.
LOS ANGELES, CA 90021

SNEAK PEEK
1016 S. TOWNE AVE. #118
LOS ANGELES, CA 90021

SO. CALIFORNIA EDISON - G20
P.O. BOX 300

ROSEMEAD, CA 91772-0001

SONG AND SOL
805 E. 14TH PL.
LOS ANGELES, CA 90021

Spirit Properties, LTD
21070 Centre Pointe Parkway
Santa Clarita, CA 91350

Steve Kim
700 E. Jefferson Blvd.
Los Angeles, CA 90011

STYLE MELODY
LOVETREE
2154 51ST STREET
VERNON, CA 90058

STYLE RACK, INC
777 E. 12TH ST. UNIT 1-3
LOS ANGELES, CA 90021

STYLE SHOP
1015 S. CROCKER ST #R-03
LOS ANGELES, CA 90021

STYLISH WHOLESALE INC
1020 E. 14TH ST.
LOS ANGELES, CA 90021-3008

SUPERLINE
1100 S. SAN PEDRO ST.#B3
LOS ANGELES, CA 90015

TAKE A BYTE, INC
545 FINNEY COURT
GARDENA, CA 90248-2037

TASHA APPAREL
6901 MCKINLEY AVE.
LOS ANGELES, CA 90001

TCF Equipment Finance
1110 Wayzata Blvd.
Ste 801
Hopkins, MN 55305

TCF EQUIPMENT FINANCE, INC.
PO BOX 77077
MINNEAPOLIS, MN 55480-7777

TEENBELL
1200 S. SAN PEDRO ST. #101
LOS ANGELES, CA 90015

Terramar Retail Center, LLC
1973 Avenida Encinas, Ste 300
Carlsbad, CA 92008-4476

The Colonies - Pacific 19A, LLC
c/o Richard L. Seide, Esq.
901 Dove Street, Suite 120
Newport Beach, CA 92660-3018

The Colonies-Pacific 19A, LLC
One Corporate Plaza, 2nd Fl.
Newport Beach, CA 92660

THE TIMING, INC
1100 S. SAN PEDRO ST., A-8
LOS ANGELES, CA 90015

THE VINTAGE SHOP
1015 S. CROCKER ST. #R14
LOS ANGELES, CA 90021

THYME APPAREL,
951 CROCKER ST
LOS ANGELES, CA 90021

TOG WEST - G20
PO BOX 1240
ATTLEBORO, MA 02703

TOG WEST - G26
PO BOX 1240
ATTLEBORO, MA 02703

TOG WEST - G7
PO BOX 1240
ATTLEBORO, MA 02703

TOP 10
747 E. 10TH ST. #114
LOS ANGELES, CA 90021

TOP CHIC
1015 CROCKER ST. #Q-5
LOS ANGELES, CA 90021

TOYOTA COMMERCIAL FINANCE
P O BOX 660926
DALLAS, TX 75266-0926

Toyota Industries Comml Finance
P O Box 9050
Coppell, TX 75019-9050

TRAC
1100 S. SAN PEDRO ST. N-09

1  LOS ANGELES, CA 90015

2  TRENDY JS
   HANA FINANCIAL, INC
3  DEPT LA 24406
   PASADENA, CA 91185-4066

4  TRES BIEN
   1016 TOWNE AVE. #113
5  LOS ANGELES, CA 90021

6  Tres Bien, Inc.
   c/o Mitchell S. Kim
7  Ropers, Majeski, Kohn & Bentley
   445 S. Figueroa St., Ste. 3000
8  Los Angeles, CA 90071

9  TRINITY JEANS
   1015 S. CROCKER ST
10 LOS ANGELES, CA 90021

11 TRM MM, LLC
   7575 Carson Blvd
12 Long Beach, CA 90808

13 TVO Holdings, LLC
   1345 Ave of the Americas, 46th Fl.
14 New York, NY 10105

15 VERIZON BUSINESS - G2
   PO BOX 15043
16 ALBANY, NY 12212-5043

17 VERIZON WIRELESS
   PO BOX 660108
18 DALLAS, TX 75266-0108

19 VERTY
   777 E. 12TH ST. #1-13
20 LOS ANGELES, CA 90021

21 VERY J
   1100 S. SAN PEDRO ST. #I-5
22 LOS ANGELES, CA 90015

23 Vestar California XXVI, L.L.C.

2425 E. Camelback Rd #750
Phoenix, AZ 85016

Vestar Peninsula Retail, LLC
1345 Ave of the Americas, 46th Fl.
New York, NY 10105

Vestar/Kimco Tustin, L.P.
2425 E. Camelback Rd #750
Phoenix, AZ 85016

VIVACE DESIGN INC.
726 E. 11TH ST. #116
LOS ANGELES, CA 90021

WAX JEAN
1016 S. TOWNE AVE. #102
LOS ANGELES, CA 90021

WIN WIN APPAREL
1807 E 12TH ST #152
LOS ANGELES, CA 90021

Y&S DAVIDSON INC
776 GRAND AVE, SUITE 200
RIDGEFIELD, NJ 07657

YMI
1155 S. BOYLE AVE.
LOS ANGELES, CA 90023

ZENANA
1100 S. SAN PEDRO ST. #M6-M12
LOS ANGELES, CA 90015

ZENOBIA
1100 S. SAN PEDRO ST. #A-4
LOS ANGELES, CA 90015

ZHEJIANG DIANHU USA (JVINI)
5128 Triggs St.
Commerce, CA 90022

ZION GLOBAL, INC
411 3RD AVE, UNIT B
ARCADIA, CA 91006

24 **III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE
   TRANSMISSION OR EMAIL** (indicate method for each person or entity served):
25 Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **3/9/2018** I served the following
   person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who
26 consented in writing to such service method), by facsimile transmission and/or email as
   follows.  Listing the judge here constitutes a declaration that personal delivery on the judge
27 will be completed no later than 24 hours after the document is filed.

28

*Personal Delivery:*

Hon. Deborah J. Saltzman
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **3/9/2018** | **Ja'Nita Fisher** | **/s/ Ja'Nita Fisher** |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |