M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
Roksana D. Moradi-Brovia (Bar No. 266572)
**SIMON RESNIK HAYES LLP**
15233 Ventura Blvd., Suite 250
Sherman Oaks, CA 91403
**Telephone:** (818) 783-6251
**Facsimile:** (818) 827-4919
jhayes@SRHLawFirm.com
matthew@SRHLawFirm.com
roksana@SRHLawFirm.com

*Attorneys for Debtor*
Good Clothing, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:18-bk-12496-DS |
| GOOD CLOTHING, INC., | Chapter 11 |
| Debtor. | **DEBTOR'S SECOND STATUS REPORT; DECLARATION OF STEVE KIM IN SUPPORT THEREOF** |
| | Date: June 4, 2018<br>Time: 2:00 p.m.<br>Place: 1639, 16th Floor |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE; SECURED CREDITOR OPEN BANK AND COUNSEL OF RECORD; AND ALL CREDITORS AND PARTIES IN INTEREST:**

Good Clothing, Inc. Debtor and Debtor-in-Possession herein (hereinafter the "Debtor"), filed its Chapter 11 petition on March 7, 2018. Debtor is operating its business and managing his financial affairs as a Debtor-in-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

Per the Order of this Court, Debtor hereby submits its Second Status Report.

**OVERVIEW**

Attached as **Exhibit A** is a Profit and Loss Statement with actual results for March and April, 2018 with projections thereafter for May through August, 2018. A Cash Flow Statement on the same basis is attached as **Exhibit B**.

The differences between the two statements is as follows:

The Profit and Loss Statement assumes that cost of goods sold is 50% of sales as that is the usual markup for the inventory sold. It also assumes that the interest on the debt to Open Bank is 5% of $1.5 million.

The Cash Flow Statement shows no cost of goods sold. It does however show cash being used to purchase new inventory. It also shows the adequate protection payments made to Open Bank.

By the time of the hearing on June 4, May will be completed but results will not be tabulated by that time. As of May 15, the sales are on target for $280,000 for the month of May, that is sales for the May 1 through May 15 period is about $140,000. New inventory purchases are about $15,000 for the month through May 15 and cash in the bank is approximately $60,000.

The profitability of the Debtor has been poor for the first two months since the case was filed. The Debtor was overwhelmed with the closing of 25 stores over a few weeks, terminating the employees, and incorporating the inventory from the closed stores into the three remaining stores.

The cash flow on the other hand has essentially been breakeven. The Debtor has not purchased more than a nominal amount of new inventory in the first two to three months. That will change as the cash flow improves. The cash flow will improve because sales increase during the summer months and because management is able to focus on sales.

**1.     A brief description of Debtor's business and the principal assets and liabilities of the estate; brief description of the events that led up to and caused the filing of this case:**

The Debtor is a California corporation which is wholly owned by husband and wife, Steve Kim and Hye Sun Kim. They started the business in 2005.

**The nature of the debtor's business.**

The Debtor owns and operates retail clothing stores in the greater Los Angeles area, generally under the name GS LOVE. It operated as many as twenty-eight (28) retail stores until soft sales and over expansion forced it to close all but three of the stores. It sells primarily women's clothing, shoes, cosmetics, fashion jewelry, hats and other related items.

The Debtor started the business in 2005 with one store and opened a few new stores each year thereafter through last year. Steve Kim is actively involved in the day to day operations of the business. The Debtor has a Director of the stores, Christina Kim (no relationship to the owners).

The three remaining stores are in Lynwood, Walnut Park and South Gate. Two of those stores are roughly 10,000 sq ft and the other is about 6,000 sq ft. Those stores are stocked with inventory from the stores that were closed. Each store has a manager and 10 to 15 employees. The buying is done at the main office in downtown Los Angeles.

The expansion can be seen in the Debtor's gross sales: for the calendar year of 2015 gross sales were $16 million. For 2016, gross sales were $40 million, 2017 - $32 million. The company does very little advertising and relies on its website and walk by traffic as its primary marketing strategy.

On the petition date, the Debtor had roughly $1.5 million of inventory at cost which translates to about $3 million at retail. It had less than $20,000 in the bank. It has few other assets of value. It has lots of fixtures and retail store equipment such as cash registers etc but those have little to now resale value.

**The major events or circumstances that led to the filing.**

As stated above, soft sales and over expansion forced the Debtor to consolidate its operations into three of its best stores. As sales slowed, the Debtor got behind with vendors and the landlords. The vendors then largely stopped shipping new inventory with terms and required the shipments to be COD. The landlords began filing unlawful detainer actions and Debtor's management spent more and more time dealing with collectors and with legal actions.

The Debtor has two $750,000 loans with Open Bank, with balances owing of approximately $750,000 and $670,000 respectively. The $750,000 loan was due on March 20, 2018. The bank was visiting Mr. Kim at the main office every week and making it very obvious that it was concerned about the Debtor paying the $750,000 loan on time. Open Bank has a blanket lien on all of the assets of the Debtor.

The cause of the general decline in the profitability of the business came in part from the over-expansion of the business and in part from litigation brought against the Debtor by former employees. The litigation was a class action seeking overtime and related pay. The Debtor spent a few hundred thousand dollars on attorney's fees in 2016 and 2017 and finally settled for $1.1 million which was paid in full in 2017.

Mr. Kim finally decided to seek advice of bankruptcy counsel. It was obvious that he was going to have to close many of the stores and he sought advice on how to do that in a manner that was fairest to all interested parties.

**2.** **Is the Debtor a small business debtor as defined in 11 U.S.C. § 101(51D)?**

Under §101(51D), a "small business debtor" means a person engaged in commercial or business activities that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief

in an amount not more than $2,000,000. In this case, Debtor owes debt in excess of $2,000,000 and is therefore it is not a "small business debtor."

**3. Does this case qualify as a single asset real estate case as that term is defined in 11 U.S.C. § 101(51B).**

No, it is an operating business.

**4. Is Debtor in full compliance with 11 U.S.C. § 521, § 1107 and, if this is a small business case, § 1116, Rule 1007 of the Federal Rules of Bankruptcy Procedure, and all applicable guidelines established by the United States Trustee.**

Debtor believes that it is in substantial compliance with its obligations as a Debtor-in-Possession ("DIP") at this time.

**5. Is Debtor using cash that any party claims as its cash collateral and, if so, on what date did Debtor obtain an order authorizing the use of such cash or the consent of such party.**

Open Bank has a blanket lien on all of the Debtor's assets including cash collateral. The Court has approved the use of cash collateral through June 4, 2018.

As to cash collateral, the Debtor has reached an agreement with Open Bank which will permit the Debtor to use cash collateral for the immediate future. The agreement initially provided that the Debtor pay Open Bank $10,000 per week. Recently the Debtor and Open Bank have agreed to reduce that to $6,000 per month.

**6. What are the principal business, financial and legal disputes or problems to be resolved; when does the Debtor anticipate resolving them; what is the best method to resolve those disputes or problems expeditiously and cost-effectively.**

**What does the Debtor hope to accomplish in this case.  What is the Debtor's estimate regarding timing for confirmation of a plan.**

The principal financial and legal disputes or problems to be resolved are (or to some extent were) use of cash collateral and the consolidation of twenty-eight stores down into three and the related rejection of the many store leases.  These issues are discussed in other sections of this report.

The most pressing business issue is sales in the three existing stores.

The sales for the first two months since the petition date are as follows:

| Merchandise Sales | | |
|---|---:|---:|
| Sales G01 - Lynwood | 79,500.00 | 64,000.00 |
| Sales G08 - Walnut Park | 132,000.00 | 86,000.00 |
| Sales G23 - South Gate | 104,000.00 | 77,000.00 |
| **Total Income** | 315,500.00 | 227,000.00 |

Beyond that, the Debtor must begin buying new inventory of at least certain items and make payments to Open Bank on the secured debt.

The Debtor hopes to propose a Plan of Reorganization which will allow it retain the three stores.  It must obviously operate the three stores at a profit so that it can file a plan which will pay creditors at least as much as they would receive in a chapter 7.

Debtor cannot estimate at this time when it can realistically file a Chapter 11 plan of reorganization.  It must be able to generate a profit on the remaining stores to fund the Plan.  There will likely be some additional contributions to the Debtor from the insider Mr. Steve Kim but it will not be a significant amount of the total unsecured debt.

**7. Discuss any significant unexpired leases and executory contracts to which the debtor is a party and the Debtor's intentions with regard to these leases and contracts.**

The Debtor expects to assume the Walnut Park and the Court Gate leases. It will seek an extension of time to accomplish that. The Debtor is negotiating with the landlord of the Lynwood store. If the Debtor cannot work something out with that landlord, it will close that store to the landlord. It expects to accomplish one or the other in the next 30-60 days.

**8. Whether the Debtor anticipates the sale of any estate assets by motion or in connection with a plan.**

At this time, Debtor is considering a sale of the three remaining stores. Open Bank would have to agree to the sale as would, for practical purposes, the three landlords. The Debtor intends to further meet with Open Bank to discuss this. If a sale of the stores is the best way to proceed and a buyer (including the present owner Steve Kim) can be located, the Debtor may file a Disclosure Statement and Plan which proposes the sale so that creditor's will be able to review all aspects and effects of the sale on the estate. These considerations arte in the very early stages.

**9. Proposed deadlines for filing proofs of claim and proofs of interest, and objections to claims.**

Debtor requests that the Court set a deadline for filing proofs of claim and proofs of interest and proposes August 1, 2018. Debtor suggests a deadline of December 1, 2018 for the filing of objections to claims.

**10. Proposed deadlines for filing disclosure statement in support of Chapter 11 plan or reorganization and Chapter 11 plan or reorganization.**

The Debtor requests that the Court *not* set a deadline at this time to file a disclosure statement in support of Chapter 11 plan and Chapter 11 plan or reorganization. The Debtor may very well file a Plan in conjunction with a Motion to Sell the three remaining stores. But as far as proposing to pay creditors some particular amount over some particular time, the Debtor should focus on the operation and profitability of the three remaining stores for a least a few months before proposing a Plan.

Dated: May 22, 2018  **SIMON RESNIK HAYES LLP**

          **By:**    **/s/ M. Jonathan Hayes**
                **Matthew D. Resnik**
                **Roksana D. Moradi**
                *Attorneys for Debtor*
                Good Clothing, Inc.

## DECLARATION OF STEVE KIM

I, Steve Kim, declare as follows:

1.  I am the Chief Executive Officer and custodian of records of Good Clothing, Inc., the Debtor (the "Debtor") in this Chapter 11 case. I am authorized to make decisions for the Debtor. I am over the age of eighteen (18). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.  Good Clothing, Inc. Debtor and Debtor-in-Possession herein (hereinafter the "Debtor"), filed its Chapter 11 petition on March 7, 2018. Debtor is operating its business and managing his financial affairs as a Debtor-in-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

3.  I have reviewed **Exhibits A and B** and believe they are substantially accurate. The profitability of the Debtor has been poor for the first two months since the case was filed. We were overwhelmed with the closing of 25 stores over a few weeks, terminating the employees, and incorporating the inventory from the closed stores into the three remaining stores.

4.  We have not purchased more than a nominal amount of new inventory in the first two to three months. That will change as the cash flow improves. The cash flow will improve because sales increase during the summer months and because management is able to focus on sales.

5.  I expect that we will assume the Walnut Park and the Court Gate leases. We are negotiating with the landlord of the Lynwood store. If we cannot work something out with that landlord, we will close that store to the landlord. We expect to accomplish one

or the other in the next 30-60 days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 21, 2018, at Los Angeles, California.


By: __**SEE NEXT PAGE**__
**Steve Kim**
*Declarant*

or the other in the next 30-60 days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 21, 2018, at Los Angeles, California.

By: _____
   Steve Kim
   *Declarant*

# EXHIBIT A

Good Clothing, Inc.
Projected P L March - August 2018

|  | March Actual | April Actual | May Budget | June Budget | July Budget | August Budget | Total |
|---|---|---|---|---|---|---|---|
| Gross Sales - Lynwood G01 | 79,500 | 64,000 | 80,000 | 80,000 | 90,000 | 90,000 | 483,500 |
| Gross Sales - Walnut Park GO08 | 132,000 | 86,000 | 100,000 | 120,000 | 120,000 | 120,000 | 678,000 |
| Gross Sales - South Gate GO23 | 104,000 | 77,000 | 100,000 | 120,000 | 120,000 | 120,000 | 641,000 |
| **Total Income** | **315,500** | **227,000** | **280,000** | **320,000** | **330,000** | **330,000** | **1,802,500** |
|  |  |  |  |  |  |  |  |
| **Cost of Good Sold (50%)** | **157,750** | **113,500** | **140,000** | **160,000** | **165,000** | **165,000** | **901,250** |
| Merchant and account fees (1%) | **1,981** | **2,697** | **2,800** | **3,200** | **3,300** | **3,300** | 17,278 |
| **Net Profit** | **155,769** | **110,803** | **137,200** | **156,800** | **161,700** | **161,700** | **883,972** |
|  |  |  |  |  |  |  |  |
| Payroll - Insiders | 0 | 0 | 0 | 0 | 0 |  | 0 |
| Payroll - Lynwood | 19,968 | 7,930 | 10,000 | 12,000 | 15,000 | 15,000 | 79,898 |
| Payroll - Walnut Park | 24,091 | 12,038 | 15,000 | 18,000 | 18,000 | 18,000 | 105,129 |
| Payroll - South Gate | 15,936 | 10,980 | 13,000 | 15,000 | 15,000 | 15,000 | 84,916 |
| Payroll overhead | 45,909 | 33,165 | 7,000 | 7,000 | 7,000 | 7,000 | 107,074 |
| *Total Payroll* | *105,904* | *64,113* | *45,000* | *52,000* | *55,000* | *55,000* | *377,017* |
| Payroll taxes - 10% | 10,919 | 3,082 | 4,500 | 5,200 | 5,500 | 5,500 | 34,701 |
| Worker's comp - 2% | 4,956 | 7,177 | 900 | 1,040 | 1,100 | 1,100 | 16,273 |
| *Total Other Payroll* | *121,779* | *74,372* | *50,400* | *58,240* | *61,600* | *61,600* | *427,991* |
|  |  |  |  |  |  |  |  |
| Rent - Lynwood | 18,907 | 18,907 | 18,907 | 18,907 | 18,907 | 18,907 | 113,442 |
| Rent - Walnut Park | 36,682 | 36,682 | 36,682 | 36,682 | 36,682 | 36,682 | 220,092 |
| Rent - South Gate | 31,300 | 31,300 | 31,300 | 31,300 | 31,300 | 31,300 | 187,800 |
| Utilities | 2,165 | 3,198 | 1,200 | 1,200 | 1,200 | 1,200 | 10,163 |
| Alarm and Security | 700 | 1,110 | 600 | 600 | 600 | 600 | 4,210 |
| *Total Facility Costs* | *89,754* | *91,197* | *88,689* | *88,689* | *88,689* | *88,689* | *535,707* |
|  |  |  |  |  |  |  | 0 |
| Computer and internet | 1,124 | 932 | 500 | 500 | 500 | 500 | 4,056 |
| Insurance |  |  | 2,000 | 2,000 | 2,000 | 2,000 | 8,000 |
| Store supplies and expenses | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 9,000 |
| Telephone | 2,294 | 2,150 | 2,000 | 2,000 | 2,000 | 2,000 | 12,444 |
| Truck Leases and expense | 5,292 | 1,983 | 2,000 | 2,000 | 2,000 | 2,000 | 15,275 |
| Equipment Rental | 1,648 | 1,691 | 1,691 | 1,691 | 1,691 | 1,691 | 10,103 |
| Outside Services | 7,285 | 0 | 0 | 0 | 0 | 0 | 7,285 |
| Parking | 824 | 0 | 0 | 0 | 0 | 0 | 824 |
| Misc. | 15,062 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 35,062 |
| *Total Other Expenses* | *35,029* | *12,256* | *13,691* | *13,691* | *13,691* | *13,691* | *102,049* |
| *Total Operating Expenses* | *246,562* | *177,825* | *152,780* | *160,620* | *163,980* | *163,980* | *1,065,747* |
| **NET OPERATING INCOME** | **-90,793** | **-67,022** | **-15,580** | **-3,820** | **-2,280** | **-2,280** | **-181,775** |
|  |  |  |  |  |  |  |  |
| Interest Open Bank (5%) | 6,250 | 6,250 | 6,250 | 6,250 | 6,250 | 6,250 | 37,500 |
|  |  |  |  |  |  |  |  |
| Net Income after interest | -97,043 | -73,272 | -21,830 | -10,070 | -8,530 | -8,530 | -219,275 |

# EXHIBIT B

Good Clothing, Inc.
Projected CASH FLOW March - August 2018

|  | March Actual | April Actual | May Budget | June Budget | July Budget | August Budget | Total |
|---|---|---|---|---|---|---|---|
| Gross Sales - Lynwood G01 | 79,500 | 64,000 | 80,000 | 80,000 | 80,000 | 90,000 | 473,500 |
| Gross Sales - Walnut Park GO08 | 132,000 | 86,000 | 100,000 | 100,000 | 110,000 | 110,000 | 638,000 |
| Gross Sales - South Gate GO23 | 104,000 | 77,000 | 100,000 | 100,000 | 110,000 | 110,000 | 601,000 |
| **Total Income** | **315,500** | **227,000** | **280,000** | **280,000** | **300,000** | **310,000** | **1,712,500** |
|  |  |  |  |  |  |  |  |
| **Purchases of new inventory** | **0** | **6,948** | **50,000** | **60,000** | **80,000** | **80,000** | **276,948** |
| Merchant and account fees (1%) | **1,981** | **2,697** | **2,800** | **2,800** | **3,000** | **3,100** | **16,378** |
| **Net Profit** | **313,519** | **217,355** | **227,200** | **217,200** | **217,000** | **226,900** | **1,419,174** |
|  |  |  |  |  |  |  |  |
| Payroll - Insiders | 0 | 0 | 0 | 0 | 0 |  | 0 |
| Payroll - Lynwood | 19,968 | 7,930 | 10,000 | 12,000 | 15,000 | 15,000 | 79,898 |
| Payroll - Walnut Park | 24,091 | 12,038 | 15,000 | 18,000 | 18,000 | 18,000 | 105,129 |
| Payroll - South Gate | 15,936 | 10,980 | 13,000 | 15,000 | 15,000 | 15,000 | 84,916 |
| Payroll overhead | 45,909 | 33,165 | 25,000 | 25,000 | 25,000 | 25,000 | 179,074 |
| *Total Payroll* | *105,904* | *64,113* | *63,000* | *70,000* | *73,000* | *73,000* | *449,017* |
| Payroll taxes - 10% | 10,919 | 3,082 | 6,300 | 7,000 | 7,300 | 7,300 | 41,901 |
| Worker's comp - 2% | 4,956 | 7,177 | 1,260 | 1,400 | 1,460 | 1,460 | 17,713 |
| *Total Other Payroll* | *121,779* | *74,372* | *70,560* | *78,400* | *81,760* | *81,760* | *508,631* |
|  |  |  |  |  |  |  |  |
| Rent - Lynwood | 18,907 | 18,907 | 18,907 | 18,907 | 18,907 | 18,907 | 113,442 |
| Rent - Walnut Park | 36,682 | 36,682 | 36,682 | 36,682 | 36,682 | 36,682 | 220,092 |
| Rent - South Gate | 31,300 | 31,300 | 31,300 | 31,300 | 31,300 | 31,300 | 187,800 |
| Utilities | 2,165 | 3,198 | 1,200 | 1,200 | 1,200 | 1,200 | 10,163 |
| Alarm and Security | 700 | 1,110 | 600 | 600 | 600 | 600 | 4,210 |
| *Total Facility Costs* | *89,754* | *91,197* | *88,689* | *88,689* | *88,689* | *88,689* | *535,707* |
|  |  |  |  |  |  |  | 0 |
| Computer and internet | 1,124 | 932 | 1,000 | 1,000 | 1,000 | 1,000 | 6,056 |
| Insurance |  |  | 2,000 | 2,000 | 2,000 | 2,000 | 8,000 |
| Store supplies and expenses | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 9,000 |
| Telephone | 2,294 | 2,150 | 2,000 | 2,000 | 2,000 | 2,000 | 12,444 |
| Truck Leases and expense | 5,292 | 1,983 | 2,000 | 2,000 | 2,000 | 2,000 | 15,275 |
| Equipment Rental | 1,648 | 1,691 | 1,691 | 1,691 | 1,691 | 1,691 | 10,103 |
| Outside Services | 7,285 | 0 | 0 | 0 | 0 | 0 | 7,285 |
| Parking | 824 | 0 | 0 | 0 | 0 | 0 | 824 |
| Misc. | 15,062 | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 | 75,062 |
| *Total Other Expenses* | *35,029* | *20,256* | *22,191* | *22,191* | *22,191* | *22,191* | *144,049* |
| *Total Operating Expenses* | *246,562* | *185,825* | *181,440* | *189,280* | *192,640* | *192,640* | *1,188,387* |
| **NET CASH FLOW** | **66,957** | **31,530** | **45,760** | **27,920** | **24,360** | **34,260** | **230,787** |

| Payment Open Bank | 15,046 | 30,000 | 24,000 | 24,000 | 24,000 | 24,000 | 24,000 |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
| Net cash flow after pymt to bank |  | 51,911 | 1,530 | 21,760 | 3,920 | 360 | 10,260 | 89,741 |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403.**

A true and correct copy of the foregoing document entitled **DEBTOR'S SECOND STATUS REPORT; DECLARATION OF STEVE KIM IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **5/22/2018** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Dustin P Branch**  branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- **Ronald K Brown**  ron@rkbrownlaw.com
- **John H Choi**  johnchoi@kpcylaw.com, christinewong@kpcylaw.com;aleeshim@kpcylaw.com
- **James M Cox**  jcox@yociscox.com
- **Scott D Fink**  brodellecf@weltman.com
- **Carl Grumer**  cgrumer@manatt.com, mchung@manatt.com;fstephenson@manatt.com
- **M Jonathan Hayes**  jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;jhayesecf@gmail.com
- **Yale K Kim**  ykim@allenmatkins.com, lpanderson@allenmatkins.com
- **Kenneth G Lau**  kenneth.g.lau@usdoj.gov, dare.law@usdoj.gov
- **Roksana D. Moradi-Brovia**  roksana@srhlawfirm.com, rosario@srhlawfirm.com;jfisher@srhlawfirm.com
- **Ernie Zachary Park**  ernie.park@bewleylaw.com
- **David W Reimann**  dreimann@reimannlawgroup.com
- **Mark M Sharf**  mark@forbankruptcy.com, 2180473420@filings.docketbird.com
- **David B Shemano**  dshemano@shemanolaw.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Scott S Weltman**  colcaecf@weltman.com
- **Johnny White**  JWhite@wrslawyers.com, aparisi@wrslawyers.com
- **Airene Williamson**  awilliamson@mdproperties.com, ae@wlawoffice.com

**II. SERVED BY U.S. MAIL:** On **5/22/2018** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Deborah J. Saltzman
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

**Steve Park**
<u>EVP & Chief Credit Officer</u>
*Open Bank*
1000 Wilshire Blvd.
Suite 500
Los Angeles, CA 90017

### *20 LARGEST UNSECURED CREDITORS/PARTIES SERVED REGULAR FIRST CLASS MAIL:*

BOOM-BOOM JEANS
BLUE PLANET INTERNATIONAL INC
2945 E. 12TH ST.
LOS ANGELES, CA 90023

CLINGERS INC
1015 S. CROCKER ST.
LOS ANGELES, CA 90021

COLOR SWATCH (JEKNIT)
1015 S. CROCKER ST. Q26A
LOS ANGELES, CA 90021

COLOR THREAD
807 E. 12TH ST. #130-131
LOS ANGELES, CA 90021

COZY
1100 S. SAN PEDRO ST. #J-05
LOS ANGELES, CA 90015

GLOCUL ENTERPRISE, INC
1015 S. CROCKER ST, Q11
LOS ANGELES, CA 90021

HAUTE FOX (TOTO)
1100 S. SAN PEDRO ST. #C-5
LOS ANGELES, CA 90015

JP ORIGINAL
19101 E. WALNUT DR. NORTH
CITY OF INDUSTRY, CA 91748

MILEY AND MOLLY
PRETTY GOOD
1100 S. SAN PEDRO ST., #A-6
LOS ANGELES, CA 90015

PAPER MOON
B-ENVIED
1015 S. CROCKER ST. #R-16
LOS ANGELES, CA 90021

ROCKNROSE COUTURE
807 E. 12TH ST. #138
LOS ANGELES, CA 90021

SHELLY
1100 S. SAN PEDRO ST. #M-1
LOS ANGELES, CA 90015

SNEAK PEEK
1016 S. TOWNE AVE. #118
LOS ANGELES, CA 90021

TEENBELL
1200 S. SAN PEDRO ST. #101
LOS ANGELES, CA 90015

THE TIMING, INC
1100 S. SAN PEDRO ST., A-8
LOS ANGELES, CA 90015

THE VINTAGE SHOP
1015 S. CROCKER ST. #R14
LOS ANGELES, CA 90021

ZENANA
1100 S. SAN PEDRO ST. #M6-M12
LOS ANGELES, CA 90015

ZENOBIA
1100 S. SAN PEDRO ST. #A-4
LOS ANGELES, CA 90015

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **5/22/2018** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **5/22/2018** | **Ja'Nita Fisher** | **/s/ Ja'Nita Fisher** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |