M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
Roksana D. Moradi-Brovia (Bar No. 266572)
**SIMON RESNIK HAYES LLP**
15233 Ventura Blvd., Suite 250
Sherman Oaks, CA 91403
**Telephone:** (818) 783-6251
**Facsimile:** (818) 827-4919
jhayes@SRHLawFirm.com
matthew@SRHLawFirm.com
roksana@SRHLawFirm.com

*Attorneys for Debtor*
Good Clothing, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GOOD CLOTHING, INC.,<br><br>Debtor. | Case No. 2:18-bk-12496-DS<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO EXTEND TIME TO ASSUME OR REJECT UNEXPIRED EXECUTORY CONTRACT FOR GROUND LEASE; DECLARATION OF STEVE KIM IN SUPPORT THEREOF**<br><br>*(No hearing required pursuant to LBR 9013-1(o))* |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY COURT JUDGE; THE UNITED STATES TRUSTEE; AND ANY PARTIES IN INTEREST:**

Good Clothing, Inc., Debtor and Debtor-in-Possession in the above captioned case (hereinafter the "Debtor") shall, and does hereby, move the Court for ninety (90) additional days to assume or reject its *unexpired executory contracts* with LA Alameda, LLC, for retail store #7776/#7708, located at La Alameda Shopping Center in Walnut

Park, CA, and Azalea Joint Venture, LLC, for the store located at 4841 Firestone Blvd., South Gate, CA 90280.

The basis for the Motion is that Debtor requires additional time to coordinate and engage in discussions with the property owners and the other creditors prior to filing a motion to assume ground lease; the Debtor's success in funding a Chapter 11 Plan of Reorganization depends in part on the use of the premises it now has.

The Motion is based upon this Notice of Motion and Motion, the attached Declaration, all pleadings and records on file in this case, and upon such other evidentiary matters as may be presented to the Court regarding the Motion.

This Motion is filed pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing. The full Motion is attached, including the legal and factual grounds upon which the Motion is made.

Any response or opposition to the Motion must be filed with the Court and served on Debtor's counsel, the Office of the U.S. Trustee, and any other required parties in interest, no later than fourteen (14) days after the date stated on the Proof of Service of this Motion (not excluding Saturdays, Sundays or legal holidays).

Any factual allegations set forth in such written response must be supported by competent and admissible evidence. Any response or opposition not timely filed and served may be deemed by the Court to be consent to the granting of the relief requested by the Motion.

Dated: June 15, 2018                                  **SIMON RESNIK HAYES LLP**

                                                   **By:**     /s/ M. Jonathan Hayes
                                                       **M. Jonathan Hayes**
                                                       **Matthew D. Resnik**
                                                       **Roksana D. Moradi-Brovia**
                                                       *Attorneys for Debtor*
                                                       Good Clothing, Inc.

**SIMON RESNIK HAYES LLP**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Good Clothing, Inc., Debtor and Debtor-in-Possession in the above captioned case (hereinafter the "Debtor") commenced its bankruptcy case by filing a voluntary petition under Chapter 11 on March 7, 2018. The Debtor is operating its business and managing its financial affairs as a Debtor-in-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

The Debtor is a California corporation which is wholly owned by husband and wife, Steve Kim and Hye Sun Kim. They started the business in 2005 with one store and opened a few new stores each year thereafter through last year. Steve Kim is actively involved in the day to day operations of the business.

The Debtor owns and operates retail clothing stores in the greater Los Angeles area. It sells primarily women's clothing, shoes, cosmetics, fashion jewelry, hats and other related items. It operated as many as twenty-eight (28) retail stores until soft sales and over expansion forced it to close all but three (3) of the stores. The three (3) remaining stores are in Lynwood, Walnut Park and South Gate. Two (2) of those stores are roughly 10,000 sq ft and the other is about 6,000 sq ft.

## II. OVERVIEW OF THE DEBTOR AND THE LEASES

This Motion relates to the Debtor's lease of the store located in La Alameda Shopping Center in Walnut Park, CA (hereinafter "Walnut Park Store") and Debtor's other lease of the premise located at 4841 Firestone Blvd., South Gate, CA 90280 (hereinafter "South Gate Store").

On April 25, 2008, the Debtor entered into a lease agreement with LA Alameda, LLC to lease space #7726 consisting of approximately 6,976 square feet. The parties entered into a First Amended Lease Agreement on March 20, 2014, wherein the Debtor leased approximately 3,964 square feet of additional space adjacent to space # 7726, known as space #7708. *The lease agreement expires on March 20, 2024.*

On July 14, 2014, the Debtor entered into a lease agreement with Azalea Joint Venture, LLC to lease the approximately 10,000 square feet at the South Gate Store; the lease is set to expire on July 31, 2029.

### III. DISCUSSION

Section 365(d)(4) of the Bankruptcy Code provides as follows:

> (4)(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of:
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) ***The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause***.

11 U.S.C. § 365(d)(4).

Pursuant to §365(d)(4), a debtor may assume its interest under an unexpired lease of nonresidential real property only within 120 days after the debtor's Chapter 11 filing, provided that such 120-day period may be extended by a bankruptcy court for an additional 90-day period upon motion made by the debtor.

In this case, the Debtor filed its Chapter 11 petition on March 7, 2018. Pursuant to §365(d)(4) of the Bankruptcy Code, the Debtor is required to either assume its interest in its ground lease by July 5, 2018, or to seek an extension of the time for the Debtor to assume the lease.

The Court has set a deadline of October 1, 2018 for Debtor to file its Disclosure Statement Describing Chapter 11 Plan of Reorganization (the "Disclosure Statement") and

Chapter 11 Plan of Reorganization ("Plan").

The Debtor expects and intends to assume the leases. It is happy with the spaces and the arrangements, but it still needs additional time to coordinate and engage in discussions with the property owners and the other creditors. The Debtor will communicate with the landlord regarding entering into stipulations to assume the leases. . The Debtor expects to enter into an assumption agreement before the date of the filing of its Plan.

### A. *Cause Exists for the Extension of Time to Assume or Reject Unexpired Ground Lease*

In the case at hand, there is sufficient cause to extend the period for the Debtor to assume its ground lease. The Debtor does not want to or intend to look for new store spaces. It is trying to reorganize so that it can continue operating for the benefit of its creditors.

A non-exhaustive list of factors relevant to bankruptcy court's decision on debtor's motion for extension of time to assume or reject lease include: (1) whether debtor was paying for use of property; (2) whether debtor's continued occupation could damage lessor beyond compensation available under Bankruptcy Code; (3) whether lease was debtor's primary asset; (4) whether debtor has had sufficient time to formulate plan of reorganization; (5) complexity of case facing debtor; (6) number of leases that debtor must evaluate; and (7) need for judicial determination of whether lease exists. In re Burger Boys, Inc., 94 F.3d 755 (C.A.2 (N.Y.) 1996)

The Debtor respectfully submits that an analysis of the foregoing factors strongly supports extension of the period to assume or reject the ground lease:

#### 1. Debtor is Paying for Use of Property

Since the filing of its bankruptcy case, the Debtor has been paying the rent.

**SIMON RESNIK HAYES LLP**

### 2. Debtor's Discontinued Occupation Will Damage Debtor Beyond Compensation Available Under Bankruptcy Code

The Debtor's business is operated entirely from its retail stores. Without the stores, the Debtor would have to locate and move to new stores. It is highly probably that the new stores would cost roughly the same. Therefore the costs in time and effort would be completely wasted since it would not improve the Debtor's position. The Debtor would have a more difficult time trying to create its Plan, and the creditors would not benefit from the payments they would receive under the Plan. It is in the best interest of all parties to extend the period to allow the Debtor to assume the lease

### 3. Lease is One of Debtor's Primary Assets

The leases are not only one of the Debtor's primary assets but it is very important and it serves no purpose for either party to have to find new stores or to find new tenants. The *status quo* is best for the Debtor, the landlord and the creditors. The Debtor needs a sufficient opportunity to evaluate and assume the unexpired ground leases and act in the best interest of the estate.

### 4. Debtor Has Not Had Sufficient Time to Formulate Plan of Reorganization

The Debtor filed its bankruptcy case on March 3, 2018. Due to time spent by the Debtor and its counsel complying with the U.S. Trustee requirements and in arranging agreements to use cash collateral, the Debtor has not had a sufficient time to formulate a Plan although it will timely meet the recently set filing deadline of October 1, 2018.

### 5. Debtor's Case is Significantly Complex

The Debtor originally filed its bankruptcy case because soft sales and over expansion forced the Debtor to consolidate its operations of twenty-eight stores into three of its best stores. As sales slowed, the Debtor got behind with vendors and the landlords.

**SIMON RESNIK HAYES LLP**

6

The vendors then largely stopped shipping new inventory with terms and required the shipments to be COD. The landlords began filing unlawful detainer actions and Debtor's management spent more and more time dealing with collectors and with legal actions.

The cause of the general decline in the profitability of the business came in part from the over-expansion of the business and in part from litigation brought against the Debtor by former employees. The litigation was a class action seeking overtime and related pay. The Debtor spent a few hundred thousand dollars on attorney's fees in 2016 and 2017 and finally settled for $1.1 million which was paid in full in 2017.

### 6. Judicial Determination is Required to Determine Whether Lease Exists

Judicial determination is not required to determine whether the leases exist. All parties agree to the existence of the lease agreements between LA Alameda, LLC and the Debtor and Azalea Joint Venture, LLC and the Debtor.

## VI. CONCLUSION

WHEREFORE, based on the foregoing, and acting in the best interest of the estate and the creditors, the Debtor respectfully requests that the Court enter its order extending the time, by ninety (90) additional days, for Debtor to assume or reject its unexpired executory contract with LA Alameda, LLC, for retail store #7776/7708 located at La Alameda Shopping Center in Walnut Park, CA, and Azalea Joint Venture, LLC, for the store located at 4841 Firestone Blvd., South Gate, CA 90280.

Dated: June 15, 2018                                    **SIMON RESNIK HAYES LLP**

                                                        **By:**     **/s/ M. Jonathan Hayes**
                                                                 **M. Jonathan Hayes**
                                                                  **Matthew D. Resnik**
                                                                  **Roksana D. Moradi-Brovia**
                                                                  *Attorneys for Debtor*
                                                                  Good Clothing, Inc.

# **DECLARATION OF STEVE KIM**

I, Steve Kim, declare as follows:

1.  I am the Chief Executive Officer and custodian of records of Good Clothing, Inc., the Debtor (the "Debtor") in this Chapter 11 case. I am authorized to make decisions for the Debtor. I am over the age of eighteen (18). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.  The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 on March 7, 2018.

3.  The Debtor is a California corporation and wholly owned by my wife and I; we started the business in 2005 with one store and opened a few new stores each year thereafter through last year. I am actively involved in the day to day operations of the business.

4.  The Debtor owns and operates retail clothing stores in the greater Los Angeles area. It sells primarily women's clothing, shoes, cosmetics, fashion jewelry, hats and other related items. It operated as many as twenty-eight (28) retail stores until soft sales and over expansion forced it to close all but three (3) of the stores. The three (3) remaining stores are in Lynwood, Walnut Park and South Gate. Two (2) of those stores are roughly 10,000 sq ft and the other is about 6,000 sq ft.

5.  This Motion relates to the Debtor's lease of the store located in La Alameda Shopping Center in Walnut Park, CA (hereinafter "Walnut Park Store") and Debtor's other lease of the premise located at 4841 Firestone Blvd., South Gate, CA 90280 (hereinafter "South Gate Store").

6.  On April 25, 2008, the Debtor entered into a lease agreement with LA Alameda, LLC to lease space #7726 consisting of approximately 6,976 square feet. The parties entered into a First Amended Lease Agreement on March 20, 2014, wherein the

**SIMON RESNIK HAYES LLP**

Debtor leased approximately 3,964 square feet of additional space adjacent to space # 7726, known as space #7708. *The lease agreement expires on March 20, 2024.*

7. On July 14, 2014, the Debtor entered into a lease agreement with Azalea Joint Venture, LLC to lease the approximately 10,000 square feet at the South Gate Store; the lease is set to expire on July 31, 2029.

8. The Court has set a deadline of October 1, 2018 for Debtor to file its Disclosure Statement Describing Chapter 11 Plan of Reorganization (the "Disclosure Statement") and Chapter 11 Plan of Reorganization ("Plan").

9. The Debtor has not had a sufficient time to formulate a Plan although it will timely meet the recently set filing deadline. It is trying to reorganize so that it can continue operating for the benefit of its creditors.

10. We expect and intend to assume the leases. We are happy with the spaces and the arrangements, but still need additional time to coordinate and engage in discussions with the property owners and the other creditors. We will communicate with the landlords regarding entering into stipulations to assume the leases.

11. The Debtor's business is operated entirely from its retail stores. Without the stores, the Debtor would have to locate and move to new stores. It is highly probably that the new stores would cost roughly the same. Therefore the costs in time and effort would be completely wasted since it would not improve the Debtor's position. The Debtor would have a more difficult time trying to create its Plan, and the creditors would not benefit from the payments they would receive under the Plan. It is in the best interest of all parties to extend the period to allow the Debtor to assume the lease

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2018, at Los Angeles, California.

SEE NEXT PAGE
Steve Kim
*Declarant*

Debtor leased approximately 3,964 square feet of additional space adjacent to space # 7726, known as space #7708. *The lease agreement expires on March 20, 2024.*

7. On July 14, 2014, the Debtor entered into a lease agreement with Azalea Joint Venture, LLC to lease the approximately 10,000 square feet at the South Gate Store; the lease is set to expire on July 31, 2029.

8. The Court has set a deadline of October 1, 2018 for Debtor to file its Disclosure Statement Describing Chapter 11 Plan of Reorganization (the "Disclosure Statement") and Chapter 11 Plan of Reorganization ("Plan").

9. The Debtor has not had a sufficient time to formulate a Plan although it will timely meet the recently set filing deadline. It is trying to reorganize so that it can continue operating for the benefit of its creditors.

10. We expect and intend to assume the leases. We are happy with the spaces and the arrangements, but still need additional time to coordinate and engage in discussions with the property owners and the other creditors. We will communicate with the landlords regarding entering into stipulations to assume the leases.

11. The Debtor's business is operated entirely from its retail stores. Without the stores, the Debtor would have to locate and move to new stores. It is highly probably that the new stores would cost roughly the same. Therefore the costs in time and effort would be completely wasted since it would not improve the Debtor's position. The Debtor would have a more difficult time trying to create its Plan, and the creditors would not benefit from the payments they would receive under the Plan. It is in the best interest of all parties to extend the period to allow the Debtor to assume the lease

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2018, at Los Angeles, California.

_____
Steve Kim
*Declarant*

SIMON RESNIK
HAYES LLP

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403.**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION TO EXTEND TIME TO ASSUME OR REJECT UNEXPIRED EXECUTORY CONTRACT FOR GROUND LEASE; DECLARATION OF STEVE KIM IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **6/15/2018** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page.

- **Dustin P Branch**   branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- **Ronald K Brown**   ron@rkbrownlaw.com
- **John H Choi**   johnchoi@kpcylaw.com, christinewong@kpcylaw.com;aleeshim@kpcylaw.com
- **James M Cox**   jcox@yociscox.com
- **Scott D Fink**   brodellecf@weltman.com
- **Carl Grumer**   cgrumer@manatt.com, mchung@manatt.com;fstephenson@manatt.com
- **M Jonathan Hayes**   jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;jhayesecf@gmail.com
- **Yale K Kim**   ykim@allenmatkins.com, lpanderson@allenmatkins.com
- **Kenneth G Lau**   kenneth.g.lau@usdoj.gov
- **Roksana D. Moradi-Brovia**   roksana@srhlawfirm.com, rosario@srhlawfirm.com;jfisher@srhlawfirm.com
- **Randall P Mroczynski**   randym@cookseylaw.com
- **Ernie Zachary Park**   ernie.park@bewleylaw.com
- **David W Reimann**   dreimann@reimannlawgroup.com
- **Mark M Sharf**   mark@forbankruptcy.com, 2180473420@filings.docketbird.com
- **David B Shemano**   dshemano@shemanolaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Scott S Weltman**   colcaecf@weltman.com
- **Johnny White**   JWhite@wrslawyers.com, aparisi@wrslawyers.com
- **Airene Williamson**   awilliamson@mdproperties.com, ae@wlawoffice.com

**II. SERVED BY U.S. MAIL:** On **6/15/2018** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**SIMON RESNIK HAYES LLP**

10

☐ Service information continued on attached page.

Hon. Deborah J. Saltzman
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

Azalea Joint Venture LLC
201 S. Figueroa St., #300
Los Angeles, CA 90012

Good Clothing, Inc.
700 E. Jefferson Blvd.
L.A, CA 90011

LA Alameda, LLC
201 S. Figueroa St., #300
Los Angeles, CA 90012

***20 LARGEST CREDITORS AND THOSE WHO HAVE REQUESTED NOTICE/FILED CLAIMS:***

Open Bank
c/o Tony K. Kim
Kim Park Choi & Yi
3435 Wilshire Blvd
Suite 2150
Los Angeles, CA 90010

BRE DDR Crocodile Falcon Ridge Town Center, LLC
c/o James M. Cox
Yocis & Cox
3750 Schaufele Ave., Suite 125
Long Beach, CA 90808

Steve Park
EVP & Chief Credit Officer
Open Bank
1000 Wilshire Blvd., Suite 500
Los Angeles, CA 90017

CREA/PPC Long Beach Towne Center
c/o Ernie zachary Park
13215 E. Penn St., Suite 510
Whittier, CA 90602

Open Bank
Attn: Bryan Kim
1000 Wilshire Blvd., Suite 100
Los Angeles, CA 90017

CPT Riverside Plaza, LLC
c/o Ronald K. Brown, Jr., Esq.
901 Dove Street, Suite 120
Newport Beach, CA 92660

4S Trading, Inc.
1100 S. San Pedro St., #L-3
Los Angeles, CA 90015

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113

AMEX Travel Related Srvcs. Co. Inc.
c/o Becket & Lee LLP
PO Box 3001
Malvern, PA 19355

Euler Hermes N.A.
as agent for L&P Group USA Inc.
800 Red Brook Blvd., #400C
Owings Mill, MD 21117

Bella and Company
810 E. Pico Blvd., Suite 301
Los Angeles, CA 90021

Euler Hermes N.A. Insurance Co.
assignee for Zenobia, Inc.
800 Red Brook Blvd.
Owings Mill, MD 21117

Bear Dance Inc.
807 E. 12th Street, Suite 117
Los Angeles, CA 90021

Euler Hermes N.A. Insurance Co.
agent of Be Mine, Inc.
800 Red Brook Blvd.
Owings Mill, MD 21117

Bear Dance
c/o Sanaz Sarah Bereliani
Berliani Law Firm, PC
11400 W. Olympic Blvd., Ste. 200
Los Angeles, CA 90064-0000

Euler Hermes N.A. Insurance Co.
agent of Beardance
800 Red Brook Blvd.
Owings Mill, MD 21117

**SIMON RESNIK HAYES LLP**

11

| | |
|---|---|
| Euler Hermes N.A. Ins. Co<br>agent of Jna Apparel Unlimited Inc.<br>800 Red Brook Blvd.<br>Owings Mill, MD 21117 | Civil Process Clerk<br>United States Attorney's Office<br>Federal Building, Room 7516<br>300 North Los Angeles Street<br>Los Angeles, CA 90012 |
| Euler Hermes N.A. Ins. Co<br>agent of Intouch Footwear Inc.<br>800 Red Brook Blvd.<br>Owings Mill, MD 21117 | Bluebell Collection Inc.<br>1001 Crocker St., Unit #5<br>Los Angeles, CA 90021 |
| Euler Hermes N.A. Ins. Co<br>assignee for Msk Apparel Inc.<br>800 Red Brook Blvd.<br>Owings Mill, MD 21117 | BOOM-BOOM JEANS<br>BLUE PLANET INTERNATIONAL INC<br>2945 E. 12TH ST.<br>LOS ANGELES, CA 90023 |
| Euler Hermes N.A. Ins. Co<br>as agent for LBL, Inc.<br>800 Red Brook Blvd, #400C<br>Owings Mill, MD 21117 | COLOR THREAD<br>807 E. 12TH ST. #130-131<br>LOS ANGELES, CA 90021 |
| Fortune Dynamic, Inc.<br>21923 Ferrero Parkway<br>City of Industry, Ca 91789 | Damore Universal, Inc. (Color Thread)<br>Blank Rome LLP<br>c/o Jason S. Kim, Esq.<br>2029 Century Park East, 6th Floor<br>Los Angeles, CA 90067 |
| Franchise Tax Board<br>Bankruptcy Section MS: A-340<br>PO Box 2952<br>Sacramento, CA 95812 | GLOCUL ENTERPRISE, INC<br>1015 S. CROCKER ST, Q11<br>LOS ANGELES, CA 90021 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101 | HAUTE FOX, INC.<br>800 E 12th St. Unit 119<br>Los Angeles, CA 90021 |
| Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>Po Box 826880<br>Sacramento, CA 94280 | JP ORIGINAL<br>19101 E. WALNUT DR. NORTH<br>CITY OF INDUSTRY, CA 91748 |
| California Department of Tax and Fee Administration<br>Account Information Group MIC:29<br>P.O. Box 942879<br>Sacramento, CA 94279 | MEPT Midtown Crossing, LLC<br>7315 Wisconsin Ave., Suite 350W<br>Bethesda, MD 20814 |
| U. S. Securities and Exchange Commission<br>Attn: Bankruptcy Counsel<br>444 South Flower Street, Suite 900<br>Los Angeles, CA 90071-9591 | MILEY AND MOLLY<br>PRETTY GOOD<br>1100 S. SAN PEDRO ST., #A-6<br>LOS ANGELES, CA 90015 |
| | New Mode<br>1100 S. San Pedro St., Unit 0-10<br>Los Angeles, CA 90015 |
| Attorney General<br>United States Department of Justice<br>Ben Franklin Station<br>P. O. Box 683<br>Washington, DC 20044 | Nicka K. New York<br>109-15 178th Street<br>Jamaica, NY 11433<br><br>ROCKNROSE COUTURE |

**SIMON RESNIK HAYES LLP**

| | |
|---|---|
| 807 E. 12TH ST. #138<br>LOS ANGELES, CA 90021 | c/o Coface North America Ins. Company<br>650 College Rd. East, Suite 2005<br>Princeton, NJ 08540 |
| SHELLY<br>1100 S. SAN PEDRO ST. #M-1<br>LOS ANGELES, CA 90015 | JP ORIGINAL<br>c/o Coface North America Ins. Company<br>650 College Rd. East, Suite 2005<br>Princeton, NJ 08540 |
| SNEAK PEEK<br>1016 S. TOWNE AVE. #118<br>LOS ANGELES, CA 90021 | Legend Footwear Inc.<br>c/o Coface North America Ins. Company<br>650 College Rd. East, Suite 2005<br>Princeton, NJ 08540 |
| Southern California Edison<br>1551 W. San Bernardino Rd.<br>Covina, Ca 91722 | Primestor Development, Inc.<br>Dustin P. Branch, Esq.<br>BALLARD SPAHR LLP<br>2029 Century Park East, Suite 800<br>Los Angeles, CA 90067 |
| TEENBELL<br>1200 S. SAN PEDRO ST. #101<br>LOS ANGELES, CA 90015 | |
| The Colonies - Pacific 19A, LLC<br>c/o Ronald K. Brown, Jr., Esq.<br>901 Dove Street, Suite 120<br>Newport Beach, CA 92660-3018 | Redlands Joint Venture LLC<br>c/o David W. Reimann<br>The Reimann Law Group<br>1960 E. Grand Ave., Suite 1165<br>El Segundo, CA 90245 |
| THE TIMING, INC<br>1100 S. SAN PEDRO ST., A-8<br>LOS ANGELES, CA 90015 | Signature8<br>1004 Crocker Street<br>Los Angeles, CA 90021 |
| THE TIMING INC.<br>2809 S. Santa Fe Ave.<br>Vernon, CA 90058 | Spirit Properties, LTD<br>21070 Centre Pointe Parkway<br>Santa Clarita, CA 91350 |
| THE VINTAGE SHOP<br>1015 S. CROCKER ST. #R14<br>LOS ANGELES, CA 90021 | On Fleek dba French Kiss<br>807 E. 12th Street, #144<br>Los Angeles, CA 90021 |
| TOYOTA INDUSTRIES<br>c/o WELTMAN, WEINBERG AND<br>REIS CO., L.P.A.<br>323 West Lakeside Ave.<br>Cleveland, OH 44113 | Citizen's Bank, N.A.<br>1 Citizens Drive Mailstop ROP15B<br>Riverside, RI 02915 |
| ZENANA<br>1100 S. SAN PEDRO ST. #M6-M12<br>LOS ANGELES, CA 90015 | Best Underwear Line, Inc.<br>3510 S. Central Ave.<br>Los Angeles, CA 90011 |
| ZENOBIA<br>1100 S. SAN PEDRO ST. #A-4<br>LOS ANGELES, CA 90015 | Sans Souci<br>1100 S. San Pedro St., #A-1<br>Los Angeles, CA 90015 |
| DND Fashion Inc.<br>c/o Coface North America Ins. Company<br>650 College Rd. East, Suite 2005<br>Princeton, NJ 08540 | Vestar Peninsula Retail, LLC<br>c/o Ernie Zachary Park<br>13215 E. Penn St., Suite 510<br>Whittier, CA 90602 |
| Fortune Dynamic, Inc. | Vestar/Kimco Tustin |

c/o Ernie Zachary Park
13215 E. Penn St., Suite 510
Whittier, CA 90602

Vestar/Pico Rivera Towne Cntr.
c/o Ernie Zachary Park
13215 E. Penn St., Suite 510
Whittier, CA 90602

Fleetcor Technologies
16800 Greenspoint Park
Suite 255N
Houston, TX 77060

Plamex Investment, LLC

c/o Airene Williamson, Esq.
6940 Beach Blvd., Suite D-501
Buena Park, CA 90621

US Bank N.A. dba Elan Financial Services
Bankruptcy Department
PO Box 108
St. Louis, MO 63166

US Bank N.A.
Bankruptcy Department
PO Box 108
St. Louis, MO 63166

***RETURNED MAIL/REMOVED CREDITORS:***

CLINGERS INC
1015 S. CROCKER ST.
LOS ANGELES, CA 90021

PAPER MOON
B-ENVIED
1015 S. CROCKER ST. #R-16
LOS ANGELES, CA 90021

COLOR SWATCH (JEKNIT)
1015 S. CROCKER ST. Q26A
LOS ANGELES, CA 90021

COZY
1100 S. SAN PEDRO ST. #J-05
LOS ANGELES, CA 90015

(new address above)
HAUTE FOX (TOTO)
1100 S. SAN PEDRO ST. #C-5
LOS ANGELES, CA 90015

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **6/15/2018** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **6/15/2018** | **Ja'Nita Fisher** | **/s/ Ja'Nita Fisher** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**SIMON RESNIK HAYES LLP**

14